## 20462

Mildred Gray PRIDE, Appellant, v. Hemphill P. PRIDE, Respondent.

(236 S. E. (2d) 404)

*J. Reese Daniel* and *James W. Rion,* of Columbia, *for
Appellant,*

*Hemphill P. Pride, II,* and *Jesse Clark, of Jenkins, Perry and Pride,* and *Walter W. Brooks,* of Columbia, *for Respondent,*

July 11, 1977.

Per Curiam:

This is an appeal from an order of the Richland County Family Court which awarded the husband a divorce from the wife on the statutory ground of adultery. The court found that the wife had failed to prove her allegations of adultry, desertion, or habitual use of drugs and alcohol on the part of the husband and that she had condoned certain acts of physical cruelty on his part. The family court judge granted custody of the parties' minor child to the husband's mother and refused to make an equitable division of property held in the husband's name.

After a thorough consideration of the record, briefs and arguments of counsel, we are in agreement that the order of the lower court should be affirmed except for that portion dealing with the issue of custody. This record does not support an award placing the child in custody of his paternal grandmother and that portion of the case must be remanded for reconsideration.

Both parties sought the custody of the child and the paternal grandmother was not a party to the action. The grandmother did not even state that she wanted custody, her testimony being that she would assist her son in rearing the child if he should obtain custody. The evidence

of her fitness as a custodian was incomplete at best, being only that she operated her own business, was pretty much on her own time, and that she had formrely lived with the parties and their child. There was no specific finding that the parties were unfit to have custody or that it would be clearly inimical to the best interest of the child to be in the custody of one of his parents. The foregoing factors make it clear that the custody award should be reversed and the issue redetermined by the family court. *See generally* 24 Am. Jur. (2d) *Divorce and Separation*, § 789.

The other arguments of the wife, relating to her ■■ alleged defenses of recrimination and condonation and the issue concerning an equitable division of property, must be rejected and are disposed of pursuant to Rule 23 of the Rules of Practice of this Court. The issues involved are purely factual in nature, are governed by settled legal principles, and no useful purpose would be served by a discussion of the testimony. It is sufficient to observe that the record fully supports the finding that the husband's acts of cruelty were condoned and that the wife failed to prove any other statutory ground for divorce. There is therefore no need to determine whether a defense of recrimination could exist to bar this diviorce and we express no opinion on the matter. The record also establishes that the husband did not condone the wife's adultery and there is no testimony which would support an equitable division of property under any theory heretofore considered by the Court.

For the reasons set forth above the order of the lower court is affirmed except for that portion dealing with the custody of the parties' minor child. The case is remanded for the purpose of taking testimony and redetermining the issue of custody. Pending the resolution of that issue, the child shall remain in the custody of the paternal grandmother pursuant to the decree.